By the Court.
The defendant in error brought suit in the common pleas court asking that the county treasurer be enjoined from collecting taxes assessed against his land. The common pleas court enjoined the collection, and that judgment was affirmed by the court of appeals.
*435 Plaintiff was the owner of three certain tracts of land in Genoa township, Delaware county, which are located on a public highway, known as the Columbus and Sunbury road. In the year 1914 the county commissioners of that county let a contract for the improvement of this highway at a cost of $31,-980, one-half' of which was assessed against those owning lands within one mile of the improvement, and the balance assessed against the township of Genoa. The assessments for that improvement were made payable in twenty semiannual installments. The improvement was completed in the fall of 1916. Because of heavy traffic, especially of motor traffic, the road so improved became badly out of repair, and the same was resurfaced in the years 1917 and 1918, the cost thereof being paid out of the county funds. Again becoming out of repair the county commissioners on the 19th day of September, 1919, passed a resolution for the resurfacing of the road at a cost of $2,552.60, half of the amount to be assessed against the landowners abutting the road, the other half against the township of Genoa. This is the assessment complained of in this action. Plaintiff had three separate tracts of land, one of one and one-fourth acres, upon which an assessment of $4.00 was placed; another of eighteen acres, against which an assessment of $16.00 was placed, and a third of sixty-four acres, much of which was waste, against which an assessment of $42.00 was placed. These tracts had already been assessed an aggregate of $330.87 for the 1914 improvement, half the cost of which was paid by the landowners within one mile thereof.
Plaintiff contended in his petition and in argument that the method of assessment was unjust, and that such resurfacing assessments should have been distributed according to the method of making the *436 original assessment, to-wit, on lands within one mile of the improvement. The petition contained the allegation that no benefits whatever accrued to his land by reason of the resurfacing. However, it is evident that the lower courts ignored that issue, since there was evidence of such benefits, and the decree enjoined the collection of any assessments whatever.
The real question in the case is stated by defendant in error, as shown by the record, as follows: ‘ ‘ Must the landowners of that township, and especially those abutting upon the road, keep the road in good repair for public travel? Is that equitable and legal? Second, if the landowners of that township, and in the limits of the whole district, are required to keep the roads in repair for public travel, must it be by those owning lands that are benefited by it, or those that abut upon it only ?”
We agree with the defendant in error that there are many cases, and this may be one, where the method of assessment may be unjust. The repair, at the cost of the abutting owners, of a public highway subject to heavy traffic, requiring frequent resurfacing to keep it in condition for travel, may prove to be inequitable in many cases, especially if the cost of repair should be heavy and frequent; but this is a question of policy which the legislature has left to the board of county commissioners for its exercise. This court cannot control the discretion of the county commissioners in choosing the method by which these assessments will be made. Section 6910, General Code, provides that the county commissioners may take the necessary steps to improve or repair a public road, or part thereof, upon the passage of a resolution by unanimous vote declaring the necessity *437 therefor, and that the cost and expense of improvement may be paid in any one of the methods provided in Section 6919, General Code, as may be determined by the county commissioners in such resolution.
Section 6919, General Code, provides that the cost of the improvement may be “assessed against the real estate abutting upon said improvement,” as was done in this ease. It is true it may also be assessed against real estate within one-half mile, or within one mile of the improvement, according to the discretion of the county commissioners; but the law as it now exists fully empowers them with discretion to select the method of assessment. To hold otherwise would be judicial legislation and nothing more.
Notice of this improvement was published in August, 1919, as required by statute, and an opportunity given to present objections thereto to the board of county commissioners. However, none was pi'esented. The petition asking relief against the assessments was not filed until November, 1920. Had the petitioner presented his objections to the board of county commissioners under the statute, he might possibly have obtained the relief which he now asks this court to award him.
The judgments of the lower courts are reversed, and judgment will be entered in favor of the plaintiff in error.

Judgment reversed.

Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Marshall, C. J., and Hough, J., took no part in the consideration or decision of the case.